R. B. KNUTSON, APPELLANT, v. J. F. ROSENBERGER, SHERIFF, APPELLEE.

FILED MAY 21, 1908. No. 15,197.

</div>

1. **Execution Sale: MORTGAGED PROPERTY.** Where several articles of personal property subject to the same mortgage are seized upon execution, in the absence of any direction or request on the part of the mortgagor, it is the duty of the officer to sell the property included in the mortgage *en masse*, and subject to the mortgage.

2. ——: ——. Where several articles of personal property subject to the same mortgage are seized upon execution against the mortgagor, who, after being informed that the articles cannot be sold separately without taking care of the mortgage, persists in the request that such articles be sold separately, such action on the part of the mortgagor is sufficient to support a finding that he consented to the sale of the goods free from the mortgage, and to the payment of the same from the proceeds.

APPEAL from the district court for, Cedar county: GUY T. GRAVES, JUDGE. *Affirmed.*

*Millard & Snider* and *Wilbur F. Bryant,* for appellant.

*J. C. Robinson, contra.*

CALKINS, C.

On or about the 19th day of January, 1906, the plaintiff was the owner of a team of horses, a wagon, harness, corn sheller, and horse power, subject to a chattel mortgage, upon which he was owing about the sum of $250. He was also the owner of a cow, calf, and a single seated buggy, which were unincumbered. Before that time one George Carmack had recovered a judgment against the plaintiff in, the county court of Cedar county for the sum of $135.90 and costs, upon which judgment an execution was issued, directed to the defendant, who was sheriff of Cedar county. Under this execution the defendant seized all of the above described property, and advertised the same for sale. In his notices of sale the defendant stated that the property mentioned in said mortgage would be sold subject thereto. Before the beginning of the sale, the plaintiff requested that the different articles mentioned be sold separately. To this the defendant consented, telling the plaintiff that in such case the mortgage would have to be taken care of. The property was sold apparently for its full value, the defendant informing bidders that the mortgage would be "taken care of." Before the sale, the plaintiff in execution, Carmack, had taken up the mortgage and owned it. Out of the proceeds of the sale the defendant, after paying the costs, paid the amount due on the mortgage, and applied the remainder, some $17, on the judgment. The plaintiff brought this action against the defendant, upon the theory that he had no right to pay the mortgage debt out of the proceeds, and that the execution debtor was entitled to the surplus for the payment of the amount of

the judgment and costs. There was a trial to a jury and a verdict for the defendant, and from a judgment rendered upon such verdict the plaintiff appeals.

1. Where several articles of personal property subject to the same mortgage are seized upon execution against the mortgagor, the equity of redemption, being indivisible, cannot be subdivided by separate sales of the various articles. Freeman, Executions, sec. 296. In the absence of any direction or request on the part of the plaintiff, it was the duty of the defendant to sell the property included in the mortgage *en masse,* and subject to the mortgage. This course was intended to be pursued by him, and his advertisement gave notice that the sale would be made in this manner. He, however, contends that he proceeded to sell the articles separately at the request of the plaintiff, with the understanding that the mortgage should be discharged out of the proceeds of the sale. While the technical assignment of errors by the plaintiff is directed to the giving of instructions by the court, the real objection is that there was no evidence to support the same; and the only question presented by this appeal is whether the evidence was sufficient to support a finding that such a request was made, and such an understanding had.

2. A party cannot be heard to complain of an error which he himself has been instrumental in bringing about. *Missouri P. R. Co. v. Fox,* 60 Neb. 531. And since it is impossible to sell separately different articles included in the same mortgage, subject to the lien of such mortgage, the request of the execution debtor that the articles be sold separately may well be regarded as tantamount to an agreement on his part that they shall be sold free from the lien of the mortgage, and that such lien may be discharged out of the proceeds of the sale. It is not necessary, however, to go so far as this to uphold the verdict in this case. The defendant, after testifying that the plaintiff requested him to have this property sold separately, says: "I told him if we sold it separately we would have to take care of the mortgage. 'Well,' he says, 'I want to

see it sold separately.'" We think this evidence sufficient to support a finding that the plaintiff, in consideration of the advantages to be obtained by selling the articles separately and free from the mortgage lien, consented that the mortgage might be discharged out of the proceeds of the sale. The plaintiff suffered no actual injury by the conducting of the sale in this manner. The mortgage is admitted to have been a valid and subsisting lien; and it appears that the property was sold for its full value, by means of the defendant's announcement that the mortgage would be taken care of.

The plaintiff's request to sell the articles separately was made on the ground that they would realize a better price if disposed of in that manner. That advantage he has secured, with no corresponding disadvantage to himself.

We therefore recommend that the judgment be affirmed.

FAWCETT and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.