JOSHUA RUSHTON, APPELLEE, v. AMBROSE S. CAMPBELL ET AL., APPELLANTS.

FILED JUNE 26, 1913.     No. 17,104.

1. Appeal: REMAND: RESUBMISSION. The final *per curiam* order in this cause (*McNeny v. Campbell*, 81 Neb. 754, 761), remanding the cause for further proceedings, required a resubmission of the issues upon a later trial in the district court.

2. ———: CONFLICTING EVIDENCE. The question of the liability of a defendant upon an alleged obligation with others having been submitted to a trial jury upon conflicting evidence, the verdict of the jury will be sustained, unless clearly and manifestly wrong.

3. Venue. Where a suit was instituted against A, B, and C in W. county, the service of summons being made upon A in that county, the county of his residence, and upon B and C in C. county, the county of their residence, the jurisdiction of the court over B and C depending upon the joint liability of A with them, the verdict of the trial jury finding that all were jointly liable to the plaintiff on the cause of action pleaded in his petition fixed the jurisdiction over B and C.

4. Vendor and Purchaser: RESCISSION: JOINT LIABILITY. It was alleged that A represented to the plaintiff that the title to a certain tract of land was held by B and C, but that A had an interest therein, being one of the owners thereof, and that, upon his false and fraudulent representations as to the title and quality of the land, plaintiff was induced to enter into a contract for the purchase thereof and make a substantial payment thereon. It is

*held* that in an action for a recovery of the money paid, after a rescission of the contract, if the allegations of the petition were sustained by sufficient evidence, and plaintiff was entitled to recover the money so paid, all defendants would be jointly liable therefor and a joint judgment against all would be sustained.

5. ————: ————. Where a contract for the sale and purchase of land required the payment therefor to be made at a certain time, but contained no provision as to when the transfer of title should be made, the law implies that the payment and conveyance shall be concurrent acts, and that if upon tender of payment at the time agreed upon the vendor is not able to make the transfer of title, and fails so to do, the purchaser may rescind the contract and recover the money paid thereon.

6. **Instructions** examined and found not to be harmonious, but that defendants (appellants) were not prejudiced thereby, and the error did not require a reversal of the judgment.

APPEAL from the district court for Webster county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*C. W. Meeker, P. W. Scott* and *L. H. Blackledge,* for appellants.

*Bernard McNeny* and *J. S. Gilham, contra.*

REESE, C. J.

The suit upon the cause of action involved in this case was first instituted by Bernard McNeny, as assignee of Joshua Rushton, against the defendants, and upon trial in the district court the then plaintiff recovered judgment. The defendants appealed to this court and secured a reversal of the judgment and a remand to the district court. The opinion was written by the late ELISHA C. CALKINS, Commissioner, and is reported in 81 Neb. 754, 761, where the principal facts are stated. Upon the cause being remanded to the district court, a second trial was had, the jury failing to agree. A third trial was had to a jury, which returned a verdict against all the defendants, on which a judgment was rendered, and from which they appeal.

In view of the statement of facts contained in the

former opinion, we do not deem it necessary to encumber the record by a repetition thereof. Prior to the last trial McNeny reassigned the claim to Rushton, by whom the case has since been prosecuted, and who is here as appellee. The issues presented are practically the same as upon the former appeal, and all questions of fact have been retried. Had the final judgment of this court upon the former appeal been entered in accordance with the recommendations of the commissioner, it is quite probable that the conclusion reached might have had an important bearing upon the final determination of the action; but, instead of dismissing the action as to Carpenter, as recommended, the court overruled that part of the judgment and remanded the case for further proceedings, which, in effect, required a new trial of the issues.

As shown by the former opinion, the question of jurisdiction was presented. Carpenter resided in Webster county. Burke and Campbell were residents of Chase county. The suit was commenced in Webster county, where service of summons was had on Carpenter, and service made upon the other two defendants in Chase county. If there was no liability as against Carpenter, the others could not legally be sued in Webster county with service of summons in Chase county. The question of the liability of Carpenter became an important one, as affecting, not only his rights, but those of Burke and Campbell. If Carpenter was interested in the agreement by which Burke and Campbell sold the land to plaintiff, as a party thereto, or had joined with them in the perpetration of any fraud upon Rushton, and Rushton had rescinded the contract, either for fraud or the failure of Burke and Campbell to comply with its terms, and plaintiff was entitled for either reason to recover back the money which he had paid on the attempted purchase of the land, Carpenter would be liable, and the suit could be maintained in Webster county, where he resided and was served with summons.

This question was submitted to the jury upon quite a large volume of conflicting evidence, the claim of plaintiff

and his witnesses being in support of the alleged state-
ments made by Carpenter to plaintiff, that he was the
owner of an interest in the land, that the title was clear
and held by Burke and Campbell, as well as statements
made to others to the same general effect. This was de-
nied by Carpenter, and it was claimed by him, as well as
by Burke and Campbell, that he had no interest whatever
in the land nor its sale, and that he did no more than call
plaintiff's attention to the property. The written contract
of the sale was made by Burke and Campbell, Carpenter
signing as a witness only. But the contention of plaintiff
is that this was done because it was represented by all the
defendants that the title to the land was in Burke and
Campbell. It could serve no good purpose to state the
evidence upon this part of the case more in detail. It
must be sufficient to say that there was a conflict, which
it was the province of the jury to settle, as well as the
inference to be drawn from the conceded acts and declara-
tions of Carpenter. While the evidence leaves the matter
in doubt in the mind of the writer, we are admonished that
the jurors were the triers of the fact, and with their find-
ings thereon we must be content. The liability of Car-
penter being found against him by the jury disposes of the
question of jurisdiction over Burke and Campbell, and
leaves the case for decision upon the merits as against the
three defendants.

The written contract which furnishes the basis of plain-
tiff's action is as follows: "This agreement, made and
entered into this 11th day of October, A. D. 1906, by and
between Joshua Rushton, of the town of Esbon, R. F. D.
No. 2, county of Jewell, and state of Kansas, of the first
part, and Burke & Campbell, of Imperial, county of Chase,
and state of Nebraska, of the second part, witnesseth:
That the said party of the second part covenants and
agrees to and with the said party of the first part to trans-
fer by warranty deed, together with abstract posted to
date showing clear title (to) the southeast quarter of sec-
tion twenty-nine, in township seven north, of range thirty-

eight west of the 6th P. M.  Possession to be given March 1st, 1907.  And the said party of the first part covenants and agrees to pay unto the said party of the second part, for the same, the sum of four thousand (4,000) dollars, as follows, viz:  One thousand four hundred fifty dollars cash in hand, receipt of which is hereby acknowledged. Two thousand five hundred fifty dollars on or before January 20th, 1907.  In witness whereof, the parties to these presents have hereunto set their hands, the day and year last above written.  (Signed) Joshua Rushton.  (Signed) Burke & Campbell.  Signed, sealed and delivered in presence of (Signed) A. H. Carpenter."

It will be observed that, while this writing fixes a definite time for the final payment, there is no stipulation as to when the deed should be delivered.  But, as under such conditions the payment of the price and the delivery of the deed are concurrent acts, the deed was due at the time of, and upon the payment or tender of, the purchase price. *Primm v. Wise & Stern*, 126 Ia. 528; *Webb v. Hancher*, 127 Ia. 269; 39 Cyc. 1334.  It may be further noted that the parties so construed the contract.  The date fixed for the final payment was January 20, 1907.  On that day a tender is alleged to have been made of the amount due on the contract, and demand made for the deed.  Defendants did not procure the deed, nor could they, as they did not have the title to the property.  They had an option to purchase, but they had not paid the amount due upon their option, and the title was still in the original owner.  Not having title at the time when they should have conveyed, they were not in a position to demand an extension of the time in which to make the conveyance, and the tender of the money and demand for the deed, with their inability to convey, gave plaintiff the right to rescind, which he did, and entitled him to a return of the $1,450 which he had paid.  *Webb v. Hancher, supra.*  At that time there was an unpaid and unsatisfied mortgage for $1,100 on the land, which should have been satisfied of record before or at the time for the conveyance.  Plaintiff was under no

13

obligation to pay over the purchase price and trust to defendants to satisfy the mortgage. His contract provided for a "clear title." He was entitled to this upon tender of the amount due at the time provided by the contract for payment.

There was a sharp conflict in the evidence upon the trial as to whether there was a misrepresentation of the value of the land by defendants to plaintiff before the contract of purchase was finally made. A strong showing was made by the defense that the property was actually worth the value placed upon it by the defendants. But, upon the other hand, evidence was produced to the contrary, and this placed the solution of the question in the hands of the trial jury. While the writer hereof, had he been the trier of fact, might have decided this question of fact in favor of the defense, we cannot say that the verdict in that regard is not sufficiently supported by the evidence. However, did plaintiff's right to recover depend upon that question alone, the plaintiff having seen the land and had the opportunity to know its value, we should seriously question his right to recover; but, as we view the case, this is not a controlling question. This subject was properly presented to the jury by the seventeenth instruction, given at defendants' request.

It is claimed by appellants that there is a conflict between the eighth and fifteenth instructions given to the jury. By the second instruction the jury were told that the burden of proof was on the plaintiff, and, before they would be warranted in returning a verdict in his favor, he must establish by a preponderance of the evidence the truth of the material allegations of his petition, not admitted, which were that the sale of the land was made by Burke and Campbell for and on behalf of themselves and Carpenter; that plaintiff was induced to enter into the contract because of statements made by Carpenter that the three were the owners of the land, the legal title being held by Burke and Campbell; that such representations or some of them were false when made; that plaintiff re-

lied upon them; and that plaintiff or his assignor rescinded the contract on account of such fraudulent representations, and demanded the return of the money paid. The eighth instruction was to the effect that, if the jury found that Carpenter made the representations that Burke and Campbell had a present perfect title to the land and were able to convey at any time, that plaintiff relying thereon paid to Burke and Campbell the $1,450 as part of the purchase price of the land, that Burke and Campbell did not have the title to the land and were unable to convey, and that plaintiff rescinded the contract therefor, Carpenter would be equally liable with Burke and Campbell. By the fifteenth instruction the jury were informed that, under the undisputed evidence, the title to the land was in Pritchard, the defendants Burke and Campbell holding a lease with option to purchase, and that at the time of making the contract with Rushton they could lawfully make in their own name the agreement made, and the fact that they did not have the full legal title to the premises does not constitute ground for Rushton or his assignee to rescind the contract and demand a return of the purchase money paid. There seems to be no doubt that this instruction is somewhat at variance with other instructions. It was given at the request of defendants, and the three instructions were evidently not so carefully considered as they should have been before being given. But it is not clear that the defense suffered any prejudice thereby. Had the proposition contained in the fifteenth instruction been the only contention in the case, it would have been practically an instruction for the jury to find in favor of defendants; but, as there were other vital issues in the case, it could only have the effect of withdrawing that issue from the consideration of the jury, and we cannot see that the want of harmony between the instructions must of necessity require a reversal of the judgment.

The case is not without its perplexing questions, but, upon a review of the whole record, we are not satisfied

that the judgment should be molested.   It is therefore

AFFIRMED.

FAWCETT, J., not sitting.

SEDGWICK, J., dissenting.

It seems to me that the majority opinion is inconsistent with itself.   It states two reasons for allowing the plaintiff to repudiate his contract: That the contract was procured by fraud; and that the defendants did not comply with its terms on their part.

The supposed fraud, as stated in the majority opinion, is in the two statements by Carpenter—that he (Carpenter) was the owner of an interest in the land; and that the title was clear and held by Burke and Campbell.   The opinion shows that all the parties knew exactly the condition of the title; that Burke and Campbell had an option to purchase the land, and the plaintiff contracted with Burke and Campbell only, knowing at the time that the legal title was in the third party, and that Burke and Campbell intended to give the plaintiff the title by obtaining the deed from the third party who held the legal title.   If Carpenter made the statement to the plaintiff that he was "the owner of an interest in the land," the plaintiff could not possibly have relied upon that statement or have been deceived thereby.   If Carpenter told the plaintiff that the title was clear and held by Burke and Campbell, the plaintiff could not possibly be damaged thereby, because it would make no difference who held the legal title if Burke and Campbell were able to procure the legal title to be conveyed to the plaintiff according to the terms of their contract.   It is said in the opinion: "Defendants did not procure the deed, nor could they, as they did not have the title to the property.   They had an option to purchase, but they had not paid the amount due upon their option, and the title was still in the original owner."

The plaintiff caused a written statement to be given to defendants of "our requirements on this title," in which

he demanded: "(3) A general warranty deed coming from Lyman B. Pritchard and wife. (4) A bonded abstracter's certificate to the effect that the transfers from Lyman B. Pritchard and wife to Joshua Rushton is properly made. With these requirements we will accept the title." These requirements were fully complied with.

The opinion says that the fact that defendants did not procure the deed on the 20th of January justifies plaintiff in refusing to accept it. The facts, as shown by the abstract, are that the money was to be paid on the 20th of January, and of course the deeds were to be delivered at that time. On the 12th of January the plaintiff by his attorney wrote to the defendant: "Mr. Rushton was in the office today and wanted me to ask you if you would be ready to close the deal upon his land there on the 23d of this month. This would let him have the advantage of the rates. If this is satisfactory to you try and have our requirements ready so we can close the deal all up on that date and get back. I will probably come up for Mr. Rushton, as he wants me to look after the matter for him. Please let me know by return mail if this is satisfactory and you can have the requirements met so I can get back the same day." The defendants at once ordered the papers forwarded to the place where the contract was to be consummated, and they arrived there on the 24th—the deed from Pritchard, the release of the prior mortgage, and complete abstract, and all the papers that had been required by the plaintiff's attorney in his letter of January 18, which is copied in the abstract. The contract did not provide that time is of the essence of the contract, and at the plaintiff's request it was delayed three days, but the plaintiff refused to delay the other day, when he knew that the papers were in transit and had been delayed in the mail.

When this case was here before (*McNeny v. Campbell*, 81 Neb. 754), the court stated at large the facts in the case. The present majority opinion adopts that statement of facts without change, explanation or addition, and yet

upon the statement of facts the former opinion found that the case must be reversed. This seems to raise a direct conflict between the first opinion and the present opinion. In the last trial the court instructed the jury in the fifteenth instruction that "under the undisputed evidence in this case as to the title of the land * * * being in Lyman B. Pritchard, and the defendants Burke and Campbell" had only an option of purchase, "does not constitute ground for said Rushton or his assignee to rescind such contract and demand a return of the purchase money paid." This is the law of the case as held by all of the authorities.

As to the other representation as to the value of the land, the court in the seventeenth instruction told the jury that, when a purchaser has opportunity to examine the property before he purchases, he cannot maintain an action against the parties on the ground that the vendor made false statements in regard to the value of the property. "Such purchaser is bound to rely on his own judgment in regard to such matters, and not on the statements of the vendor." It is conceded, as stated in the majority opinion, that Rushton went to look at the land himself, and the majority opinion says that the case would not be reversed upon that ground alone, and further says that, "if Carpenter was interested in the agreement * * * as a party thereto, or had joined with them," etc.; but the record shows, and the opinion states, that Carpenter was not a party to the agreement. The agreement was in writing, and it was between Burke and Campbell on the one side and plaintiff on the other.

According to the second paragraph of the syllabus, it is not enough that the verdict of the jury is clearly wrong. It must also be "manifestly" wrong in order to justify a reversal. This is adding something to any and all of the cases that we have heretofore decided.