481 P.2d 675

**Raymond H. ROSS and Betty Ross, Plaintiffs and Respondents,**

**v.**

**Lloyd N. OLSON and Fidelity and Deposit Company of Maryland, a corporation, Defendants and Appellants.**

**No. 12143.**

Supreme Court of Utah.

Feb. 22, 1971.

Ellett, J., concurred and filed opinion.

Jack L. Schoenhals, of Mark & Schoenhals, Richard H. Nebeker, of Cannon,

Greene, Nebeker & Horsley, Salt Lake City, for defendants-appellants.

Richard M. Day, Salt Lake City, for plaintiffs-respondents.

HENRIOD, Justice:

Appeal from a judgment against Olson in a nonjury case, based on deceit in a real estate transaction. Reversed with costs to appellants.

On November 5, 1963, through negotiations between an agent of defendant Olson, real estate broker, the Ross's signed a uniform real estate contract to buy a lot in a proposed subdivision of Futura Corp., in which Olson was a stockholder and officer. It was signed after an Earnest Money Receipt was executed conditioned upon a contemplated zoning ordinance which had been passed the day before, and also conditioned on the acquisition of title by Futura from a Mrs. Glenn who also had signed an Earnest Money Agreement with Futura. Her attorney advised against completion of the latter transaction unless certain conditions not contained therein were met. The upshot: Olson had taken Ross's down payment, which was disbursed by Futura. Everyone went broke and the Rosses got divorced. Olson, after trying to pay back some of the down payment and inducing other officials of the Futura company to do the same, took out bankruptcy. Two days later, Ross sued Olson, claiming fraud in the inducement, which he said rendered Olson's obligation to repay not dischargeable in bankruptcy. This suit was instituted more than three years after the contract to purchase was signed and more than three years after Ross refused to make payments thereon. Based on these facts the defendant urged the limitations statute as a defense.

Ross claimed and testified that Olson flim-flammed him by representing that Futura had title to the property, knowing this to be false and intending that Ross act thereon to his damage. Olson says he merely said Futura would get title when its Earnest Money Agreement was completed with Mrs. Glenn, which effectively was stymied by Mrs. Glenn's lawyer. At that juncture it would appear that Futura may have had an inchoate equitable ownership in the property enforcible in a specific performance suit,[1] which, however, never was pursued, apparently because of the financial inability to seek compliance with a contract that would give any real estate broker the impression that he could negotiate a sale transaction with a willing buyer.

The record is so full of vagaries and inconsistencies in the plaintiffs' testimony as completely to destroy the conclusion of the trial court based on any concept, fundamental as it is, that fraud must

1. McNeny v. Campbell, 81 Neb. 754, 116 N.W. 671 (1908).

be shown by him who urges it, by clear and convincing evidence.[2] Detailing the record in this respect would serve no useful purpose. The respondents' counsel honorably has not employed the old saw that we review the evidence in a light most favorable to the decision, recognizing, we believe, that plaintiffs' testimony is no stronger than its inconsistent weakness.

The plaintiff is further foreclosed here by the limitations statute.[3] It is obvious that he knew of the matter about which he complains here, more than three years prior to his suit, he having refused to make further payments on his contract more than three years prior thereto,— which stemmed from his own investigation into the Futura contract, whence he was advised by Mrs. Glenn, party thereto, that she was not about to convey the lot in question to Futura or Ross.

CALLISTER, C. J., and TUCKETT and CROCKETT, JJ., concur.

ELLETT, Justice:

I concur upon the ground and for the reason that the action is barred by the Statute of Limitation.

2. About the only basis for such conclusion was conflicting testimony given by plaintiff that the defendant said Futura would acquire the property when rezoned, which zoning was accomplished, or that Futura "owned" it. Olson had a different version, and we simply cannot construe the testimony so as to establish the serious

charge of fraud by clear and convincing evidence, especially when the only testimony that might be said tended to establish such contention was the self-serving assertions of the plaintiff himself.

3. Title 78–12–26, Utah Code Annotated 1953—three years for fraud.