**UNITED STATES of America,
Appellee,**

v.

**308.56 ACRES OF LAND, MORE OR LESS, IN the COUNTY OF SHERIDAN, STATE OF NORTH DAKOTA, et al., Appellants.**

**No. 75–1041.**

United States Court of Appeals, Eighth Circuit.

Submitted June 10, 1975.

Decided July 2, 1975.

(hereinafter the Junior Schindlers), appeal from a judgment of the District Court[1] determining that the Junior Schindlers had no enforceable property interest in a tract of land some 1,479 acres in size, from which the United States condemned some 183.51 acres for the McCluskey Canal Project. The underlying basis of the dispute revolves around a determination of severance damages. Should the Junior Schindlers have an enforceable property interest in the tract, the United States would be liable for severance damages based upon two tracts of land, one owned by the Senior Schindlers and one owned by the Junior Schindlers, instead of just one.

Timothy Schindler is the son of the Senior Schindlers. Prior to 1969 the Senior Schindlers owned and operated the 1,479 acres as a unit. In 1969 a crop share lease was entered into between Melvin and Timothy Schindler for a portion of the 1,479 acre tract. On October 2, 1970, the Senior Schindlers and Junior Schindlers entered into a contract for deed for 12.2 acres of the tract which additionally provided:

> The exact amount and terms are between the parties to the said agreement, and will be determined when the McCluskey Canal goes thru the said property, and which time will include other properties than that above described. The exact price for the said property will be agreed upon between the parties at that time.

On August 21, 1973, the United States filed a Declaration of Taking acquiring some 183.51 acres out of the 1,479 acre tract. A warranty deed conveying the 12.2 acres plus "other properties" to the Junior Schindlers was executed September 30, 1974. However, as the warranty deed was executed after the United States commenced condemnation proceedings, whatever property interest the Junior Schindlers might have

Joseph A. Vogel, Jr., Mandan, N. D., for appellants.

Kathryn A. Oberly, Land & Natural Resources Div., Appellant Section, U.S. Dept. of Justice, Washington, D. C., for appellee.

Before GIBSON, Chief Judge, BRIGHT, Circuit Judge, and KILKENNY, Senior Circuit Judge.[*]

PER CURIAM.

Melvin O. and Melva Schindler, husband and wife (hereinafter the Senior Schindlers), and Timothy O. and Delila M. Schindler, husband and wife

---

[*] The Honorable John F. Kilkenny, United States Senior Circuit Judge for the Ninth Circuit, sitting by designation.

1. The Honorable Paul Benson, Chief Judge, United States District Court for the District of North Dakota, filed an unreported order October 25, 1974. Judgment was entered upon a jury verdict November 15, 1974.

must be determined by reference to the contract for deed. The District Court determined that the contract for deed was void and unenforceable as a whole and thus the Junior Schindlers were not entitled to claim just compensation for the taking. Full compensation was awarded the Senior Schindlers for all the land taken. We affirm for the reasons stated by Judge Benson in his order. No definite and ascertainable amount of land or compensation was provided in the contract.

 We feel compelled to dispose of one issue not treated in the District Court as apparently raised here for the first time. The Junior Schindlers argue that the contract for deed should be determined enforceable as to at least the 12.2 acres specifically described since N.D.Cent.Code § 9–05–07 (1959)[2] provides that a reasonable price will be determined when a contract does not contain the price to be paid. However, a contract for the sale of real estate must satisfy the Statute of Frauds, N.D.Cent. Code § 9–06–04 (1959), which provides in pertinent part:

> The following contracts are invalid, unless the same or some note or memorandum thereof is in writing and subscribed by the party to be charged or by his agent:

> \* \* \* \* \* \*

> 4. An agreement \* \* \* for the sale, of real property, or of an interest therein.

In interpreting its Statute of Frauds relative to real estate sale contracts, the North Dakota Supreme Court has stated:

> To be sufficient the entire agreement must be in writing and the contract cannot rest partly in writing and partly in parol. The memorandum agreement must contain all of the essential or material terms and conditions of the contract.

> \* \* \* \* \* \*

2. That section provides:

> *Consideration undetermined—Method of ascertaining—*
> When a contract does not determine the amount of consideration or the method by

\* \* \* The fact that the consideration cannot be determined from the writing which is relied upon as a memorandum, without resort to outside evidence, renders the writing insufficient as a memorandum to take the transaction out of the statute of frauds.

*Heinzeroth v. Bentz,* 116 N.W.2d 611, 614–15 (N.D.1962).

It is thus clear that the absence of an ascertainable consideration or price rendered the contract for deed unenforceable at the time of the taking.

The judgment appealed from is affirmed.

which it is to be ascertained, or when it leaves the amount thereof to the discretion of an interested party, the consideration must be so much money as the object of the property reasonably is worth.