70 Mich. App. 242 (1976)
245 N.W.2d 582
In re DAY ESTATE
MacRITCHIE
v.
PLUMB
Docket No. 24770.
Michigan Court of Appeals.
Decided July 20, 1976.
*243 MacRitchie & Welper, for plaintiff.
Charles G. Gibbons, for defendants.
Before: T.M. BURNS, P.J., and V.J. BRENNAN and D.E. HOLBROOK, JR., JJ.
Leave to appeal denied. 398 Mich 801.
V.J. BRENNAN, J.
Plaintiff, William MacRitchie, administrator of the estate of Wilma E. Day, deceased, brought an action against defendants, Gerald Plumb and Ophelia Plumb, in Hillsdale Circuit Court averring that defendants had breached an agreement of sale for the purchase of real property from the plaintiff's decedent. Following a bench trial the court found for the plaintiff and awarded $16,526.56 in damages. Defendants appeal as of right.
On May 9, 1973, defendants executed an offer to purchase real estate on a Michigan Real Estate Association uniform buy and sell agreement form whereby they offered to purchase the residence of plaintiff's decedent for $50,000. Plaintiff's decedent accepted the offer on May 13, 1973. The agreement showed that defendants made a deposit of $100 and that they were to pay an additional $4,900 as a down payment on a land contract with interest at 7% per annum. The agreement further provided that the sale was to be closed within 30 days after all documents were ready and that the change in occupancy would be given to the vendee immediately after closing.
A land contract was prepared and signed by the defendants on May 15, 1973. At that time the broker and the defendants were not aware that plaintiff's decedent had died on May 14, 1973. *244 Defendants informed the real estate broker on June 8, 1973 that they did not intend to proceed with the purchase of the home. On June 19, 1973, defendants were notified that an action had been commenced seeking the appointment of an administrator for the decedent's estate. The defendants then telephoned plaintiff, the attorney for the estate, and informed his secretary that they intended not to proceed with the purchase of the home. Plaintiff, in a letter dated June 21, 1973, informed defendants that they were expected to abide by the May 9, 1973, agreement and that if the Day estate was forced to resell the property the defendants would be sued for all additional expenses and the difference between the $50,000 contract price and the price for which the home was finally resold. The defendants informed plaintiff in a letter dated June 27, 1973 that they were not able to fulfill their contractual obligations.
Over a year later, on August 15, 1974, the home was sold for $40,000. The plaintiff filed the instant action on September 3, 1974, seeking to have defendants held liable for some $16,000 in damages, $10,000 difference between the contract price and subsequent sale price and $6,000 for other expenses allegedly incurred as a result of the breach. Defendants answered and filed a counterclaim seeking to recover their $100 deposit.
A pretrial conference was held on December 2, 1974, with Judge Kenneth Prettie presiding. A pretrial conference summary order was subsequently issued. The issues were defined therein as whether the preliminary agreement or the land contract made time of the essence and the effect, if any, that the death of a prospective seller of real estate has upon the validity and unenforceability of a preliminary agreement or unexecuted land contract.
*245 On February 20, 1975, Judge Prettie wrote a letter to the Supreme Court Administrator, indicating that he had disqualified himself from hearing the case and that St. Joseph County Judge Robert Boyle had agreed to preside over the trial. Neither party objected to this action. A bench trial was held on May 28, 1975. The trial judge found that the buy-sell agreement of May 9, 1973, was a valid contract and specifically enforceable by the defendants and thus enforceable by the plaintiff. The judge noted that MCLA 707.19; MSA 27.3178(399) expressly provides that the fiduciary of a decedent's estate is authorized to execute and deliver deeds and conveyances pursuant to binding contracts of the decedent. The trial judge found further that neither plaintiff's decedent nor defendants had treated time as being of the essence in the contract and thus the delay caused by the death of the vendor did not constitute grounds for a recission by the vendees. The court further found that the plaintiff had not failed to mitigate his damages and was entitled to judgment against defendants in the sum of $16,526.56.
Defendants bring a number of allegations of error on appeal of which only three merit brief discussion.
Defendants contend that the buy-sell agreement entered into by plaintiff's decedent and defendants was not a valid and enforceable contract. We disagree. A contract for the transfer of real property is valid and enforceable if the agreement contains the essential elements of a contract with sufficient certainty and definiteness regarding the parties, property, consideration, terms, and time of performance. Brin v Michalski, 188 Mich 400; 154 NW 110 (1915). In the case at bar all the essential elements of a contract were present and clearly *246 stated. Defendants' argument that the buy-sell agreement constituted merely an offer to purchase is without merit. The trial judge properly concluded that the buy-sell agreement was valid and enforceable by either vendor or vendee.
Defendants next contend that the trial judge committed reversible error when he found that time was not of the essence in the contract. We disagree. The general rule is that time is not to be regarded as of the essence of a contract unless made so by express provision of the parties or by the nature of the contract itself or by circumstances under which it was executed. 91 CJS, Vendor and Purchaser, § 104, p 1000. In the case at bar, the real estate broker testified that the 30-day closing requirement was inserted as a matter of course and not as a result of defendants' concern that the land contract be executed immediately. Further, defendants did not request a time limitation be placed upon the closing. Defendant Gerald Plumb even admitted that at the time he and his wife entered into the contract they were not concerned with placing a time limitation on the final closing. The trial judge's finding that the parties had not made time as of the essence of the contract is therefore amply supported by the record and we are unable to say that his finding of fact in this regard was clearly erroneous.
The defendants next contend that the trial court erred in its calculation and its awarding of damages. We agree. Courts have uniformly held that where a vendor seeks to recover damages from the vendee pursuant to a contract for the transfer of real property, the measure of damages is the difference between the contract price and the market value of the land. Calamari and Perillo, Contracts, § 231, p 365. Further, the vendor's loss is *247 measured by the market price as of the breach date, not by the price he obtained on resale at a later date. Dobbs, Remedies (1st ed), § 12.11, p 853. This rule has long been recognized in Michigan. McColl v Wardowski, 280 Mich 374; 273 NW 736 (1937). In the case at bar the trial judge apparently adopted the plaintiff's calculations of damages which included the $10,000 difference between the contract price and the sale price of the property approximately one year after the breach, as well as consequential damages involving the maintenance of the property for the interim period. We hold that the trial judge properly considered consequential damages such as were incurred in the maintenance of the property since these damages were reasonably foreseeable as a consequence of the breach. The record is not clear, however, concerning whether the trial judge found as a fact that the difference between the fair market value and the contract price at the time of the breach was or was not $10,000. If the trial judge merely assessed damages for the difference in the sale price and the contract price, he was in error. The judge may properly consider a sale price, albeit one year later, as some evidence of the fair market value at the time of breach, but he would be required to take into account possible differences in the market as might be occasioned by intervening economic conditions. We are thus required to remand for further proceedings wherein the trial judge shall make findings of fact in support of his assessment of damages. The damages in the case at bar shall consist of the difference between the fair market value of the property at the time of the breach and the contract price as well as consequential damages reasonably foreseeable by the parties at that time.
*248 We have examined defendants' other allegations of error and find that they have not been properly preserved for appeal and/or are without merit.
Remanded for proceedings not inconsistent with this opinion.