BETTY WALLROFF, APPELLEE, v. LAVERNE
DOUGHERTY, APPELLANT.
322 N.W.2d 392

Filed July 16, 1982. No. 44355.

Daniel E. Wherry and Miles W. Johnston of Johnston, Barber & Wherry, for appellant.

No appearance for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

PER CURIAM.

This is an appeal in an action for specific performance of a contract for the sale of real estate. On April 27, 1980, the defendant, LaVerne Dougherty, was the high bidder at the auction sale of a residence property in Lincoln, Nebraska. Following the auction the defendant entered into a written contract to purchase the property from the plaintiff, Betty Wallroff. The contract provided that it was "Subject, however, and on condition that the owner thereof has good, valid and marketable title, in fee simple . . . ." The contract further provided, "Seller shall furnish to Purchaser either a complete abstract of title (certified to date by a bonded abstracter) or a title insurance commitment (binder), as determined by Seller."

When the defendant failed to perform, the plaintiff

commenced this action on May 15, 1980.

The petition alleged that "At all times mentioned herein plaintiff owned and still owns in fee simple absolute" the property sold to the defendant. The defendant's answer, filed June 16, 1980, admitted the plaintiff's allegations of ownership but alleged the purchase agreement had been rescinded because the garage on the property had been condemned by the city of Lincoln and the residence was infested with termites.

The fact was that the plaintiff was only a contract purchaser of the property and the purchase contract was of record. On October 3, 1980, the plaintiff's contract vendors commenced an action in the same court, alleging the plaintiff was in default and praying for foreclosure of the contract.

On February 18, 1981, the specific performance case came on for trial. The plaintiff testified that she had bought the property "on contract with the deed in August of 1975," but admitted that she had been sued by the contract vendors. A copy of the petition filed in the action to foreclose the plaintiff's land contract was received in evidence.

On February 27, 1981, the trial court found that the plaintiff was entitled to specific performance and ordered the defendant to perform the contract within 30 days. Thereafter, the defendant filed a motion for new trial, a motion to set aside the judgment and grant a new trial, a motion to set aside the judgment of specific performance and enter an order of dismissal of the plaintiff's petition, and a motion to declare the judgment void for lack of jurisdiction and fraud and either dismiss plaintiff's petition or order a new trial, all of which were overruled. The defendant then appealed to this court.

The action being equitable in nature, it is for review de novo in this court.

Specific performance is not generally demandable as a matter of absolute legal right but is addressed

to the sound legal discretion of the court. It will not be granted where enforcement of the contract would be unjust. *James J. Parks Co. v. Lakin,* 206 Neb. 184, 292 N.W.2d 21 (1980).

A party seeking specific performance must show that he has substantially complied with the terms of the contract, including proof that he is ready, able, and willing to perform his obligations under the contract. *Tedco Development Corp. v. Overland Hills, Inc.,* 200 Neb. 748, 266 N.W.2d 56 (1978); *James J. Parks Co. v. Lakin, supra.* Upon the record in this case, we believe the plaintiff is not entitled to specific performance.

The contract in this case was subject to the condition that the plaintiff have good, valid, and marketable title, in fee simple, to the property and that an abstract of title or title insurance be supplied to the purchaser. It is undisputed that the plaintiff failed to satisfy or perform these requirements.

There is a distinction between a mere lien upon the property and an absence of legal title in the vendor. See, *McNeny v. Campbell,* 81 Neb. 754, 116 N.W. 671 (1908), *rehearing denied* 81 Neb. 761, 117 N.W. 885; 77 Am. Jur. 2d *Vendor and Purchaser* §§ 12 and 176 (1975). The judgment in this case was not binding upon the plaintiff's contract vendors, and her contract was in litigation at the time of the trial in this case.

It is unnecessary to discuss the other contentions of the parties. The judgment of the District Court is reversed and the cause remanded with directions to dismiss the petition of the plaintiff.

REVERSED AND REMANDED
WITH DIRECTIONS.