SATELLITE DEVELOPMENT COMPANY, A PARTNERSHIP, APPELLEE, V.
IVAN BERNT AND EDNA BERNT, APPELLANTS.
429 N.W.2d 334

Filed September 16, 1988.    No. 86-970.

Warren S. Zweiback and, on brief, Scott H. Rasmussen, of Zweiback, Flaherty, Betterman & Lamberty, P.C., for appellants.

Michele M. Frost, of Nelson & Harding, for appellee.

HASTINGS, C.J., WHITE, SHANAHAN, and FAHRNBRUCH, JJ., and WARREN, D.J.

FAHRNBRUCH, J.

On appeal, Edna Bernt claims that the Douglas County District Court should not have ordered her to complete the sale

of the Bernt home to the appellee. We affirm in part but modify the trial court's decision, reverse it in part, and remand the cause for further proceedings.

Through Eileen Chance, one of its partners, Satellite Development Company, by written contract, purchased Ivan and Edna Bernts' home. The Bernts refused to proceed with the sale. Ivan, Edna's husband, became ill before the scheduled closing and died on April 30, 1986.

Satellite, a partnership, by amended petition, brought an action for specific performance of contract, and Edna was ordered to complete the sale within 45 days of the entry of the judgment.

On appeal, Edna claims the district court erred in (1) holding that the purchase agreement was a completed contract; (2) holding that a land contract prepared by a proposed buyer of real estate and never accepted by the vendor is sufficient to satisfy the statute of frauds; and (3) rendering a judgment against a personal representative when the action has not been revived as to the deceased party.

The Bernts' real estate agent, her associate, and the Bernts' adult daughter assisted the Bernts in 3 hours of negotiation and sale of their home. Both the Bernts and Chance, on behalf of Satellite, signed the purchase agreement. One real estate agent witnessed the Bernts' signatures and the second agent took their acknowledgment and notarized the Bernts' signatures. The signature of Chance was also witnessed by one of the agents.

The purchase agreement was on an "Omaha Area Board of Realtors Uniform Purchase Agreement" form. The top line of the form states: "This is a legally binding contract. If not understood, seek legal advice."

The parties agreed that the purchaser was to pay $57,000 for the home. Paragraph 5 of the agreement provides:

$3,000.00 cash at closing; balance of loan on furnace to be taken over by buyer ($3,115.00) est. Approx $50,385.00 bal to [be] paid in monthly installments of $700.00 until Dec 1, 1985. Balloon payment of $28,000.00 to be paid on December 1, 1985. Seller to carry bal of approx $22,385.00 as 2nd mtg for 20 yrs. All amts carried at 11%.

On the back of the agreement where the signatures appear, it

is stated: "The seller accepts the foregoing proposition on the terms stated and agrees to convey title of the Property, deliver possession, and perform all the terms and conditions set forth." The Bernts added, "We accept the above stated except $3,000.00 cash @ closing to be increased to add $500.00. All other figures to be adjusted accordingly. Buyer to pay all closing costs except brokerage fee." Chance accepted the Bernts' counteroffer on behalf of Satellite by printing at the bottom of the agreement, "I accept the offer as countered." Chance then executed the acceptance. Chance's acceptance of the offer as countered was witnessed by one of the Bernts' agents. Chance deposited $500 earnest money with the Bernts' real estate agent.

Closing on the house was scheduled for April 1, 1985. Due to Ivan's illness, the closing date was continued to April 21, 1985, and then to May 3. The Bernts refused to proceed with the sale. On May 3, 1985, Satellite was notified that the Bernts were "no longer interested in a closing date, that they would not be selling their property."

Sometime before April 1, 1985, a document entitled "Contract for Installment Sale of Property" was sent to Edna Bernt. The parties refer to the document as the "land contract." It was prepared by Satellite and forwarded to the Bernts through their real estate agents. Edna Bernt testified she did not read the land contract. Upon receipt of it, she forwarded it to her attorney. That document was never executed by the Bernts.

After trial, the district court found that the uniform purchase agreement contained sufficient terms and conditions so as not to be an "agreement to make an agreement." The court found the proposed land contract was in substantial compliance with the purchase agreement. It did not evidence an irreversible unwillingness on the part of the appellee to complete the purchase in accordance with the terms and conditions of the purchase agreement, the trial judge held.

Before a court may compel specific performance, there must be a showing that a valid, legally enforceable contract exists. The burden of proving a contract is on the party who seeks to compel specific performance. *Pluhacek v. Nebraska Lutheran Outdoor Ministries,* 227 Neb. 778, 420 N.W.2d 286 (1988); *Rybin Investment Co., Inc. v. Wade,* 210 Neb. 707, 316 N.W.2d

744 (1982). To establish a contract capable of specific enforcement it must be shown that there was a definite offer and an unconditional acceptance. *Horn v. Stuckey*, 146 Neb. 625, 20 N.W.2d 692 (1945).

A party attempting to enforce a contract, therefore, has the burden of proving there was a definite offer and an unconditional acceptance. Furthermore, for a binding contract to result from an offer and acceptance, it is essential that the minds of the parties meet at every point. Nothing can be left open for further arrangement. See *Farmers Union Fidelity Ins. Co. v. Farmers Union Co-op. Ins. Co.*, 147 Neb. 1093, 26 N.W.2d 122 (1947).

On appeal, an action for specific performance is an equitable matter triable de novo to the Supreme Court. See, *Pluhacek, supra*; *III Lounge, Inc. v. Gaines*, 227 Neb. 585, 419 N.W.2d 143 (1988); *III Lounge, Inc. v. Gaines*, 217 Neb. 466, 348 N.W.2d 903 (1984).

Edna Bernt first claims the purchase agreement was not a completed contract but, rather, an agreement to make an agreement. She asserts that paragraph 5 of the purchase agreement contemplates that another agreement is to be executed, that agreement being the land contract.

The Restatement (Second) of Contracts § 24 at 71 (1981) defines an offer as "the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it."

In the present case, the terms of the purchase agreement constituted a valid offer as defined by the restatement. The offer was countered by the Bernts, and the counteroffer was accepted by Chance on behalf of Satellite. Therefore, structurally, the contract is sound.

A contract for the transfer of real property is valid and enforceable if the agreement contains the essential elements of a contract with sufficient certainty and definiteness as to the parties, property, consideration, terms, and time of performance. *In re Day Estate*, 70 Mich. App. 242, 245 N.W.2d 582 (1976).

The purchase agreement before us contains all the essential

elements with sufficient definiteness and certainty. The parties are identified in the agreement, including the name "Satellite Development Co." to be used on the deed. The contract contains a legal description and the street address of the property, and the personal property (drapes, rods, fixtures) included in the sale. In the agreement, the closing was set for April 1, 1985, with the purchaser to have possession April 1.

As previously stated, specific terms of payment were included in the offer to purchase. The Bernts altered those terms to the extent of the changes made in their counteroffer. The terms provide definiteness and certainty as to financing necessary to complete the sale. Additionally, the contract provides that 1985 taxes be prorated to date of possession, the amount and receipt of earnest money, the purchase price, title insurance, risk of loss, warranty as to condition, and the date of contracting.

Appellant argues that paragraph 5 of the contract requires that a future document be made with respect to details of the second mortgage. Paragraph 5 does not suggest that an agreement will be made in the future, but merely indicates that a second mortgage is a part of the transaction.

Three cases cited in the parties' briefs which hold that real estate purchase agreements were unenforceable because they were agreements to make agreements in the future are distinguishable from the present case. In *United States v. 308.56 Acres of Land, Etc., No. Dakota*, 520 F.2d 660, 661 (8th Cir. 1975), the agreement provides:

"The exact amount and terms are between the parties to the said agreement, and will be determined when the McCluskey Canal goes thru the said property, and which time will include other properties than that above described. The exact price for the said property will be agreed upon between the parties at that time."

The U.S. Eighth Circuit Court of Appeals held that without containing a definite and ascertainable amount of land or compensation, the contract was unenforceable as written.

In *Pomponio v. Petrillo*, 59 N.Y.S.2d 65, 67 (1945), the court found that a document stating: " 'All of the foregoing is subject to the making and delivery of a formal contract of sale,

the terms of which shall be agreeable to the purchaser and seller' " was unenforceable.

The present case is also dissimilar to *Alward v. United Mineral Products Co.*, 197 Neb. 658, 661, 250 N.W.2d 623, 625 (1977). *Alward* held:

An agreement to make a future contract is not binding upon either party unless all terms and conditions are agreed upon and nothing is left to future negotiation. When an agreement stipulates that certain terms shall be settled later by the parties, such terms do not become binding unless and until they are settled by later agreement.

It is clear that the case before us is not an agreement to make an agreement.

In the case before us, the parties did not provide that certain terms would be settled later. The later document, the land contract, neither vitiates nor validates the original agreement. There is no evidence that the acceptance or execution of the land contract was a precondition to performance under the purchase agreement. The land contract merely restates the terms set forth in the original agreement with elaboration, but does not present materially new terms. If there is any material difference between the unexecuted land contract and the purchase agreement, the purchase agreement is controlling. The land contract does not indicate an unwillingness on the part of Satellite to proceed with the terms of the purchase agreement.

We have held that the party seeking specific performance must show that he has substantially complied with the terms of the contract, including proof that he is ready, able, and willing to perform his obligations under the contract. See *Wallroff v. Dougherty*, 212 Neb. 178, 322 N.W.2d 392 (1982). Chance testified that Satellite was ready, willing, and able to proceed with the terms and conditions of the purchase agreement. There is no evidence to the contrary. Satellite has met its burden of proof. Therefore, specific performance is the appropriate remedy.

The record before us does not indicate whether the Bernts owned their home as tenants in common or as joint tenants. If

the Bernts were joint tenants, Ivan Bernt's interest passed to Edna Bernt upon his death. Neb. Rev. Stat. § 76-2,109 (Reissue 1986) states, "There shall be no severance of an existing joint tenancy in real estate when all joint tenants execute any instrument with respect to the property held in joint tenancy, unless the intention to effect a severance expressly appears in the instrument." Here there was no such intention shown. If the property was held in joint tenancy at the time of the agreement, Edna Bernt is presently its sole owner, and she must convey the same.

If the Bernts were tenants in common, then we cannot fully determine Edna Bernt's interest in the property. However, that issue is not before us. We need only determine that Edna Bernt contracted to sell the property, and she must do so.

The appellant's second assignment of error complains that the land contract was not accepted by the Bernts and, therefore, does not satisfy the statute of frauds. As previously stated, the land contract neither vitiates nor validates the purchase agreement. There is no need for the document to be accepted by the Bernts. The second assignment of error is without merit.

The district court decree orders that specific performance take place within 45 days of the decree. It further provides that Edna Bernt and the personal representative of the estate of Ivan Bernt "shall deliver a good and adequate Warranty Deed to plaintiff to the real property" within 45 days in accordance with the terms and conditions of the uniform purchase agreement, exhibit 1. Since not all of the consideration would be due within 45 days, it is obvious that the trial court did not intend to direct that the warranty deed be delivered within 45 days of its order but, rather, that it be delivered when the terms and conditions of the uniform purchase agreement require it. We, thus, affirm but modify the trial court's decree in regard to Edna Bernt.

Finally, the appellant claims the district court erred in rendering a judgment against Ivan's personal representative when the action had not been revived. That assignment of error is valid. The record does not reflect that the action was revived. Therefore, the district court had no jurisdiction over Ivan's personal representative, and the trial court's order directing the personal representative to deliver a good and adequate

warranty deed to Satellite is void, the trial judge's order is reversed in that regard, and the cause is remanded for further proceedings as to any interest Ivan Bernt retained if the case against him is revived.

AFFIRMED IN PART AS MODIFIED, AND IN PART REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.