HENRY W. GRAY, Respondent, v. GEORGE T. GREEN, Appellant.

Where upon the dissolution of a partnership no special agreement is made as to liquidation, the partnership continues for that purpose ; each of its members has an equal right with the others to the possession of the firm assets, and is under an equal duty to apply those assets to the discharge of the debts.

While each is so engaged, acting with reasonable diligence and without discord, equity may not intervene until a final settlement is possible, in which one party or the other refuses and neglects to join.

Until such refusal, therefore, by one of the co-partners, the Statute of Limitations does not begin to run against a cause of action for an accounting.

Accordingly held, where, prior to the dissolution of a partnership by mutual consent, without any agreement for liquidation, one of the partners had, without right as between him and his co-partner, withdrawn a sum of money from the firm, and after the dissolution both acted faithfully in liquidation, upon the completion of which the partner who had made the over-draft refused to account, that the Statute of Limitations only then began to run against a cause of action in favor of his co-partner for an accounting, at least in the absence of a finding that the former had, prior to that time, refused to apply the over-draft to the purposes of the liquidation.

*Gray* v. *Green* (125 N. Y. 203), distinguished.

Reported below, 66 Hun, 469.

(Argued April 16, 1894 ; decided May 1, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made December 16, 1892, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought for a dissolution of the firm of H. W. Gray & Co., stockbrokers, which was composed of the plaintiff and defendant. The complaint demanded that the partnership be adjudged dissolved, an accounting had and that plaintiff have judgment for a balance claimed to be due.

The facts, so far as material, are stated in the opinion.

*Wheeler H. Peckham* for appellant. On the conceded facts the Statute of Limitations of ten years had run. The

action was commenced August 5, 1884. (Code Civ. Pro. § 388.)

*Whitehead & Suydam* for appellant. The government claim, even if it were an asset of the co-partnership — which it is shown not to have been — differed in no respect from any other asset, in that it could have passed from the co-partnership by operation of law, that is to say, to a receiver appointed to wind up the affairs of the firm, even before the government had taken any steps to re-pay it. (*A. V. S. Co.* v. *B. M. Co.*, 127 U. S. 379; *F. S. & T. Co.* v. *Shepherd*, Id. 494; *Phelps* v. *McDonald*, 99 id. 305; *St. P. R. R. Co.* v. *United States*, 112 id. 737; *Taft* v. *Marsily*, 120 N. Y. 474.) This action is barred by the Statute of Limitations. (Code Civ. Pro. § 388; 2 Lindley on Part. 964.)

*Elihu Root* for respondent. No cause of action ever arose to the plaintiff to recover from the defendant the specific indebtedness charged against him, or for the recovery of any amount in advance of a winding up and an accounting. (*Belanger* v. *Dana*, 52 Hun, 39; *Arnold* v. *Arnold*, 90 N. Y. 580.) No cause of action arose to the plaintiff upon the dissolution, to have the partnership affairs wound up by judicial interference. (Bates on Part. §§ 909, 949, 995, 999; *Riddle* v. *Whitehill*, 135 U. S. 621; *Gray* v. *Green*, 125 N. Y. 203; Wood on Lim. § 210; Pars. on Part. [4th ed.] § 288; *Kennedy* v. *Porter*, 109 N. Y. 552; *Murray* v. *Mumford*, 6 Cow. 441.) A cause of action such as this for a settlement of accounts arising out of the friendly winding up of partnership affairs does not accrue, and the statute does not begin to run until the winding up is in fact accomplished, and the last transaction properly entering into the account is completed. (*McClung* v. *Capehart*, 24 Minn. 17; *Arnold* v. *Arnold*, 90 N. Y. 580; *Massey* v. *Tingle*, 29 Mo. 437; *Tutt* v. *Cloney*, 62 id. 116; *Lawrence* v. *Rokes*, 61 Maine, 38; *Krutz* v. *Craig*, 53 Ind. 561; *Gleason* v. *White*, 34 Cal. 253; *Prentice* v. *Elliott*, 72 Ga. 154; *Patterson* v. *Lilly*, 90 N. C. 82; *Foster* v. *Rison*,

17 Gratt. 321; *Sandy* v. *Randall*, 20 W. Va. 244; *Brewer* v. *Brown*, 68 Ala. 210; *Wells* v. *Brown*, 83 id. 161; *Near* v. *Lowe*, 49. Mich. 482; *Arnett* v. *Finney*, 41 N. J. Eq. 147; *Preston* v. *Fitch*, 137 N. Y. 41; *Holmes* v. *Gilman*, 138 id. 369; *Riddle* v. *Whitehill*, 135 U. S. 621, 638; 2 Williams on Exrs. 1315, 1316.)

FINCH, J.   When this case was before us on a previous appeal (125 N. Y. 203), we reversed the judgment and ordered a new trial, holding that upon the facts then disclosed the cause of action proved under the pleadings accrued at the date of the dissolution of the partnership.   It then appeared that such dissolution was effected by mutual consent, and that the duty of liquidation had been assigned solely to the plaintiff, a fact about which there was no controversy and which stood both found and admitted.   It further appeared that just before the dissolution the defendant had withdrawn from the assets, without right as between himself and his partner, the sum of about $10,000, and that a restoration of that sum to the fund in the hands of the liquidator was necessary to enable him to perform his duty in the payment of partnership debts or to re-imburse his own means so already applied.   We determined thereupon that the latter had the right to that relief before the end of the liquidation and whenever circumstances made it necessary; that he could reclaim it at once when the defendant denied his duty to restore it, and insisted upon holding it by force of an alleged settlement made at the date of the dissolution; that the liquidating partner was not bound to wait till the close of the liquidation, but might sue at once to solve the disputed right, even though an accounting might be essential to the result.   Looking back upon that conclusion in the light of such criticism as it has received, and seeking to appreciate its just force, I am still satisfied that our determination was correct upon the situation as we then understood it, and upon the facts which appeared upon the record.

But a very great change has come over those facts, so

great that I have examined again the earlier record to see
whether I may not have misunderstood or misinterpreted them.
That examination shows that the court explicitly found as a
fact the appointment of the plaintiff as "the liquidating part-
ner of the partnership," and the defendant's answer denies
liability for any overdraft, and alleges a settlement made at
the date of the dissolution. But now the vital and funda-
mental fact upon which our previous opinion stood, which was
the appointment and authority of the plaintiff as the exclusive
agent for winding up the partnership affairs, has wholly dis-
appeared, and with it has gone the further fact that there
was disagreement between the parties immediately upon
the dissolution and an antagonism of claims, for now it is
found that Gray was not made liquidator, that both par-
ties acted as such, that both have acted faithfully, and
that defendant has recognized that there was no settle-
ment at the date of the dissolution by joining in the liquida-
tion and asking credit in its results. How this remarkable and
fundamental change in the facts occurred has been the subject
of discussion on the argument. The defendant maintains that
the evidence has not changed, but only the judgment of the
trial court upon it; that the finding on the first trial was right
and on this one is wrong, and that the change had its origin in
an effort to evade the judgment of this court. I do not deem
that criticism just. Looking over the evidence I feel bound
to say that there is reasonable explanation of the change, and
much in the conduct of the parties which is in accord with the
later finding, and that at all events it has such support in the
proof as to put it beyond our review, and compel us to accept
it as the truth.

It follows that we can no longer treat the action as one by
the chosen liquidator, whose right to all the assets has been
denied, to re-claim such assets needed for the liquidation, and
must regard it simply and wholly as an action by one partner
after a dissolution to compel an accounting and adjustment of
the partnership affairs. The complaint readily admits of that
construction, and since the present findings disclose no other

cause of action we must treat it as one for a final accounting. We cannot now say that the cause of action established was one which arose at or near the date of the dissolution. The fact which caused its origin at that date has been eliminated, and in its room no other fact requiring or justifying the intervention of equity is to be found until a much later period.

In *Ham* v. *Gilmore*, (142 N. Y. 1), we had occasion to express concurrence in the doctrine of the Federal court that where a liquidation is proceeding with due diligence, without antagonism between the parties, or cause for judicial interference, the right of action for an accounting and payment over of shares arises when the liquidation is or ought to be complete, because until then there can be no adequate ground of complaint. That is more obviously true where both parties are, as upon the findings they were here, authorized to wind up the affairs. Where no special agreement as to the liquidation is made the partnership, although dissolved, continues for that purpose, and each of its members has an equal right to the possession of its assets, and are under an equal duty to apply those assets to the discharge of the debts. (*Robbins* v. *Fuller*, 24 N. Y. 570.) While each is so engaged, acting with reasonable diligence and without discord, there is nothing to complain of and no occasion for the intervention of equity until a final settlement is possible in which one party or the other refuses or neglects to join. Before that each may collect debts due, and if one is slow the other may be swift. Each may pay off liabilities until assets are exhausted, and neither can complain of the other until some emergency arises in which a right is denied or violated, or unduly delayed. The findings in the present case show a joint and amicable action down to a brief period before the commencement of the suit. An accurate and complete adjustment was delayed, without the fault of either party, by the impossibility of at least three collections; and it was not until they were accomplished that the ultimate result could be known. While there was in the hands of defendant Green the amount of his overdraft made before the dissolution, he could apply it to the purposes of the liquida-

tion and pay out of it liabilities of the firm. There is no finding or request to find that he refused to do so until his refusal to account. Gray could not disturb his possession until at least the fund was needed as an asset and Green refused to properly use and apply it. Upon the findings now made, it is impossible to hold, as we did upon the very different findings of the former trial, that the plaintiff's cause of action is barred by the Statute of Limitations. I think he has so changed the facts as to make our previous conclusion inapplicable. In all these actions between partners, the application of the statute necessarily depends upon the circumstances of each particular case. The cause of action may arise, as in *Brush* v. *Jay* (113 N. Y. 482), before the dissolution, and have that for its primary object: it may arise, at or near the dissolution, when one is made exclusive liquidator and his right to the possession of assets is denied and resisted (*Gray* v. *Green*, 125 N. Y. 203): it may arise when a non-liquidating partner sues the liquidator within a reasonable time after the dissolution, as in *Ham* v. *Gilmore* (142 N. Y. 1): or where, as here, both parties act as liquidators with equal rights and duties, and neither is guilty of any wrong in the process, the cause of action may arise later, and necessarily will not exist until the liquidation is substantially complete. These are recent instances, but do not at all cover the varieties of form and incident which these actions may develop, so that always the running of the statute cannot be governed by any rigid or formal rule, but must depend upon circumstances. Those circumstances have in this case been so changed by the findings as to make it our duty to hold that the Statute of Limitations did not operate to bar and defeat the action.

The judgment should be affirmed, with costs.

All concur, except Peckham, J., not voting.

Judgment affirmed.