LOFTUS v. BENJAMIN.

(Supreme Court, Appellate Term. April 8, 1910.)

1. EVIDENCE (§ 419*)—PAROL EVIDENCE—CONSIDERATION OF ASSIGNMENT.

It was error, in an action on an assignment under seal by one partner after dissolution in consideration of a judgment debt against the firm, to prevent plaintiff from showing the actual consideration, and requiring him to rely upon the presumption of consideration raised by the seal, until rebutted.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1912–1928; Dec. Dig. § 419.*]

2. PARTNERSHIP (§ 282*)—DISSOLUTION—ASSIGNMENTS OF BOOK ACCOUNT.

After dissolution, either partner may assign a book account to a firm creditor, or to a purchaser for full value.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 639; Dec. Dig. § 282.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Mary F. Loftus against Park Benjamin. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and GAVEGAN, JJ.

Maguire & Martin, for appellant.

Edward S. Schwartz, for respondent.

LEHMAN, J. The defendant owed a partnership, composed of H. Coons and T. Loftus, the sum of $219 upon an account for services rendered. After the dissolution of the firm, one of the partners, without the knowledge of the other, assigned the claim to the plaintiff, and plaintiff gave notice of the assignment to defendant. Defendant, being confronted by the claim of the plaintiff, and also by a claim of the partner who had not joined in the assignment, paid the amount due to him, accepting his promise of protection in case of a suit by the plaintiff. At the trial the plaintiff presented in evidence proof, by admission of the defendant, that he owed the amount, and an assignment under seal of the claim signed by Coons & Loftus, by Thomas C. Loftus, and offered to prove that the assignment was made in consideration of a judgment debt against the firm of Coons & Loftus. The trial justice gave judgment for the defendant.

I think the judgment is erroneous. There is no doubt that, after dissolution, either partner may assign a book account to a firm creditor or to a purchaser for full value. Van Keuren v. Parmelee et al., 2 N. Y. 524, 51 Am. Dec. 322; Robbins v. Fuller, 24 N. Y. 570; Gray v.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Green, 142 N. Y. 316, at page 320, 37 N. E. 124, 40 Am. St. Rep. 596. Conceding, without deciding, that the assignee by assignment under seal may not rest upon the presumption of consideration raised by the seal, but must prove the actual consideration, this judgment should be reversed, because the plaintiff herein offered and attempted to prove the actual consideration, but was told by the justice that he must rely upon this presumption until rebutted.

The defendant also claims that the assignment was not valid, because not made in the correct firm name. Even if that objection could possibly be valid, where all parties understood that the name used was intended to represent this copartnership, it is not sustained by the testimony, which shows that, although the copartnership kept its bank account in the name of "H. Coons & T. Loftus" and had the same name on the stationery, yet the copartnership articles provided for no firm name. The name of "Coons & Loftus" was on the window, and bills were receipted with a rubber stamp bearing the name of "Coons & Loftus."

The assignment seems to have clearly indicated the exact amount assigned, and to have covered the entire account, and not a part thereof. It is apparently in proper form, and, if it was given upon full consideration, then the defendant is liable to the assignee.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.