HENRY BARTHULY AND ELIZABETH BARTHULY, DOING BUSINESS AS BARTHULY'S FRONTIER SERVICE, APPELLANTS AND CROSS-APPELLEES, V. REUBEN BARTHULY, APPELLEE AND CROSS-APPELLANT.

223 N. W. 2d 429

Filed November 14, 1974. No. 39480.

Lyman, Meister & Olsen, for appellants.

Van Steenberg, Brower & Chaloupka, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

This is an action for an accounting between partners and for recovery of money alleged to be owed after the accounting. Following trial the court entered judgment against the defendant in the sum of $4,470.69. The plaintiffs, Henry Barthuly and his wife, Elizabeth F. Barthuly, who is usually referred to as Frances, appealed, assigning as error the insufficiency of the judgment. The defendant, Reuben Barthuly, cross-appealed,

asserting that all claims were barred by the statute of limitations. We sustain in part the position of the plaintiffs and affirm the judgment as modified.

An action for an accounting between partners is an equitable action and on appeal we review the matter de novo. Baum v. McBride, 152 Neb. 152, 40 N. W. 2d 649.

A summary of the background and some of the evidence is necessary. In the following paragraph, insofar as it deals with disputed matters upon which there is conflicting evidence, we state the facts and the evidence as we ultimately resolve them.

Henry and Reuben are brothers. Henry was a fuel jobber and the operator of a retail service station. Reuben was employed by him. On April 26, 1959, they became partners in the business. The partnership agreement was oral and under its terms the partnership profits were to be split equally. Henry initially furnished all the assets. Reuben contributed only his services. It was agreed that Reuben would limit his withdrawals to $400 per month (later increased as costs rose), and leave the balance of his profits in the business to build his equity in the assets. Plaintiffs owned the real estate upon which the partnership business was conducted and the agreement provided that they would receive rent of $250 per month. However, since capital was needed, plaintiffs would not collect the rent as it came due, but that would be settled sometime in the future. Frances, previous to the formation of the partnership, kept the books for the business. She continued to do this after the partnership was formed. On August 16, 1965, the partnership was amicably and voluntarily dissolved. Reuben, at that time, purchased the real estate from Henry and Frances. Henry then delivered the other physical assets of the partnership to Reuben who continued the business as a sole proprietorship. Among the assets at the time of the dissolution were accounts receivable in the amount of approximately $48,000. Reu-

ben bought about $7,000 of these and paid Henry that amount. It was agreed that Henry would collect the remaining accounts receivable and that when all that could be collected had been collected, there would be an accounting between the partners. The process of collection took several years. In 1970 Henry concluded the remaining accounts were worthless. He and Frances then took such records and information of the partnership as they had to a certified public accountant who prepared a "calculation of capital accounts" for the period April 26, 1959, to August 16, 1965. This calculation indicated that Reuben owed the plaintiffs $22,961.67, less $2,488.02 on an account of the plaintiffs to Reuben for purchases after dissolution, and which had been permitted to accumulate because of the unsettled partnership accounts. Reuben challenged the accuracy of the calculations and the premises on which they were founded. Henry and Frances then commenced this action.

On this appeal the dispute centers on only three items: (1) The appellee's contention on cross-appeal that the action for an accounting is barred by the statute of limitations; (2) the amount of rent to which plaintiffs are entitled in the accounting; and (3) whether in the accounting the plaintiffs, Henry and Frances, are entitled to be credited with a salary for services rendered by Frances in keeping the partnership books.

A careful examination of the record leads us to the conclusion that the trial court was correct in determining that the statute of limitations had not run. Dissolution of the partnership by agreement occurred on August 16, 1965. The evidence clearly supports the conclusion that an accounting between the partners would be postponed until the receivables were collected. The effort to collect ended in 1970. Accordingly the provisions of section 67-343, R. R. S. 1943, are applicable. That section provides: "The right to an account of his interest shall accrue to any partner, or his legal representative, as against the winding-up partners or the surviving partners or

the person or partnership continuing the business, at the date of dissolution, in the absence of any agreement to the contrary." Because of the agreement to the contrary, the cause of action for an accounting did not accrue at dissolution. This seems also to have been the rule at common law. Gray v. Green, 21 N. Y. Supp. 533, 37 N. E. 124; Wright v. Armwood (D. C. Mun. App.), 107 A. 2d 702; Burris v. Burris, 140 Kan. 208, 34 P. 2d 127, 96 A. L. R. 432; Hodge v. Kennedy, 198 Va. 416, 94 S. E. 2d 274; Riddle v. Whitehill, 135 U. S. 621, 10 S. Ct. 924, 34 L. Ed. 282.

With reference to the rent to which the plaintiffs were entitled, essentially only the amount is disputed. In about 1959 and 1960, after the formation of the partnership, plaintiffs made improvements on the real estate. Henry claims that he made an agreement with Reuben that, as of January 1, 1961, the rent was to be increased to $300 monthly because of the cost of these improvements. This is disputed by Reuben. In light of the fact the trial court rendered the judgment it did, it is clear that it had concluded that the plaintiffs had not sustained their burden of proof on that issue. We conclude likewise. Generally in an accounting action the burden is upon the plaintiff to establish his right to the accounting and his right to a credit on disputed items. Baum v. McBride, *supra;* Beskas v. Calkins, 135 Neb. 323, 281 N. W. 29. Accordingly, in the accounting, rent will be calculated at the sum of $250 monthly.

With reference to whether Frances was entitled to a salary for her bookkeeping, the following is determinative. The petition of the plaintiffs alleged that Frances was a partner, and together with Henry owned one-half of the partnership, Reuben owning the other one-half. It is therefore established by judicial admission that Frances was a partner. The plaintiffs rely upon Henry's admitted authority to hire employees of the partnership and to fix salaries. Such an authority does not, in our opinion, extend to fixing compensation for a partner

which is not provided for in the partnership agreement itself. The evidence does not support a finding that Reuben agreed to a salary for Frances. Section 67-318(f), R. R. S. 1943, provides: "No partner is entitled to remuneration for acting in the partnership business, except that a surviving partner is entitled to reasonable compensation for his services in winding up the partnership affairs." A partner is not entitled to charge the partnership account for his services unless there is an express agreement that he shall be compensated for such services. Gee v. City of Sutton, 149 Neb. 603, 31 N. W. 2d 747. It follows, therefore, that the accounting cannot include compensation for Frances' services as a partner since there was no express agreement between the partners for such compensation.

After carefully examining the record, we conclude that there is an error in the trial court's calculations of the amount owed by Reuben to the plaintiffs. Substituting in the calculation of capital accounts supplied by the certified public accountant on line 16, column 1, the figure for rent only in the total amount of $18,750 for the figure of $44,300 used by the accountant to include rent as well as salary for Frances, we arrive at a balance owed plaintiffs of $7,477.36.

Accordingly we remand the cause with directions to enter judgment for the plaintiffs against the defendant in the sum of $7,477.36.

AFFIRMED AS MODIFIED.