HARRY R. ALWARD, APPELLEE AND CROSS-APPELLANT, V. UNITED MINERAL PRODUCTS COMPANY, A CORPORATION, APPELLANT AND CROSS-APPELLEE, IMPLEADED WITH MADISON SOYA PRODUCTS, INC., A CORPORATION, ET AL., APPELLEES AND CROSS-APPELLEES.
250 N. W. 2d 623

Filed February 16, 1977. No. 40749.

C. Gregory H. Eden of Kutak Rock Cohen Campbell Garfinkle & Woodward, for appellant.

Joseph R. Moore, for appellee Alward.

Heard before SPENCER, NEWTON, and BRODKEY, JJ., and

HASTINGS, District Judge, and KUNS, Retired District Judge.

KUNS, Retired District Judge.

This is an action for accounting brought by Harry R. Alward, the appellee, against United Mineral Products Company, the appellant, Central States Phosphate, Inc., and Madison Soya Products, Inc., codefendants. The District Court for Douglas County, Nebraska, rendered judgment for $2,644.44 in favor of the appellee and against the appellant and dismissed the action as to the remaining two codefendants. United Mineral Products Company has appealed, assigning as error the finding of any liability against it. Appellee has cross-appealed claiming that the judgment should have been for a larger amount. We reverse the judgment and dismiss the cross-appeal.

The action arises from an oral contract by which the appellant employed the appellee to act as its plant manager during the period from March 20, 1972, until appellee resigned on January 22, 1975. Appellee, who had training and experience as an industrial engineer, was responsible for the rate of production, quality of the product, and total plant responsibility for the operation of appellant's business of mining, processing, and selling phosphate products. When the contract was made, appellee was to receive a salary starting at $18,000 per annum, to be increased to the rate of $19,000 per annum after 6 months; this amount was subsequently increased to the amount of $20,000 per annum. All amounts of salary were paid and there is no issue concerning salary and the payment thereof. The appellant also promised to pay an incentive bonus of 10 percent of any reduction achieved in plant production costs, payable quarterly, the first quarter to commence 6 months later; this bonus was to be calculated from a formula to be determined by Harold Myers, vice-president of the appellant, and agreed to by the appellee.

No formula was ever proposed or established by agreement of the parties; this failure was due in part to the inability of the parties to determine or agree upon the production costs incurred in the area of appellee's responsibility. After the end of the first bonus quarter and up to the quarter commencing April 1, 1974, appellee and appellant's officers had meetings to establish the amount of such bonus; on each occasion, this amount was fixed at the sum of $1,000, except for one period of two quarters when appellee requested and received a total of $2,500. Appellee testified he was told that such amounts were paid subject to the application of the formula when established and that if a later calculation showed he was entitled to a greater amount, he would receive an additional payment. Appellant's officers testified that such payments were an indication of their satisfaction with appellee's efforts at performance even though no cost reduction was in fact accomplished. When appellee resigned, he demanded the payment of a bonus for the final three quarters of 1974 and the period from January 1, 1975, to the date of his resignation on January 22, 1975, still complaining about the failure of appellant to prepare and submit the formula. Appellant offered the sum of $1,000 but appellee refused the tendered check.

Appellee's amended petition alleged a contract of employment and fraud in the concealment of the amounts due to him on account of such incentive bonus. The prayer was for an accounting of the sums due him and judgment for the amount thereof. Appellant's answer denied such allegations generally.

In the memorandum of the trial court, after reciting the evidence relating to the determination and payment of the bonus to appellee, the trial court made the following finding: "From the foregoing and in particular from the fact that the amount of quarterly payments at $1,000.00 (with one small deviation) bore absolutely no relationship to costs of plant production or

any other criteria to determine the amount, it is the finding of the court that the parties by their actions abandoned reduction in plant production costs as the basis for determining an incentive bonus for the plaintiff and substituted in its stead a $1,000.00 quarterly incentive bonus." The appellant contends that the evidence does not support this finding and the appellee contends that the court should substitute a method for determining comparative production costs according to their relationship to profits realized by appellant.

There is no evidence in the record of any agreement between the parties to substitute a bonus of $1,000 quarterly for the original cost reduction percentage. On the contrary, during the entire period of appellee's employment and even during the trial of this action, efforts were being made to ascertain the cost of production to which the percentage should be applied. Each side appears to have made some proposals for the determination of this amount, but there was never an agreement between them. Without such agreement, no formula could ever become effective. An agreement to make a future contract is not binding upon either party unless all terms and conditions are agreed upon and nothing is left to future negotiation. When an agreement stipulates that certain terms shall be settled later by the parties, such terms do not become binding unless and until they are settled by later agreement. 17 C. J. S., Contracts, § 49, pp. 702, 703. There can, therefore, be no express contract between the parties here. If the finding of the trial court is taken as a finding of an implied contract, it likewise is not supported by the evidence. There is no evidence of a mutual intent, without which no implied contract may be found. Acton v. Schoenauer, 121 Neb. 62, 236 N. W. 140.

The foregoing is likewise applicable to the contention made by the appellee on his cross-appeal. His claim of a larger amount of bonus arises from his calculation

of the proportion of cost to profit, without regard for any actual reduction in production costs. The lack of any mutual agreement to this method is a complete bar to its use to calculate an amount of recovery. The cross-appeal is dismissed.

The appellee has failed to carry his burden of establishing the contract upon which he seeks the accounting and his right to credit for disputed items. Barthuly v. Barthuly, 192 Neb. 610, 223 N. W. 2d 429. For this reason, his action must fail and it should be dismissed.

The judgment of the trial court is reversed and the cause is remanded with directions to dismiss the action.

REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS.