SADALLAH (SAM) BADRAN, APPELLANT, V. VIRGINIA D.
BERTRAND, APPELLEE.
334 N.W.2d 184

Filed May 20, 1983. No. 82-323.

Joseph S. Daly of Sodoro, Daly & Sodoro, for appellant.

Kirk E. Naylor, Jr., for appellee.

McCOWN, WHITE, and SHANAHAN, JJ., and BRODKEY, J., Retired, and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

Both parties pray for an accounting and distribution of partnership assets remaining after dissolution. The trial court assigned all assets to defendant, Virginia D. Bertrand, as the sole partner-contributor of capital. Plaintiff, Sadallah (Sam) Badran, appeals, claiming his personal business expertise was a contribution of partnership capital. We affirm.

The parties first met in July 1975 at Grand Island, Nebraska, where Sam was selling bedspreads and linens from his car. Shortly thereafter, the parties orally agreed to a partnership type venture, financed by Virginia and promoted by Sam, to sell Indian jewelry and other gift items. On February 12, 1976, they opened the Holdrege Gift Shop, Holdrege, Nebraska. All funds for the purchase of merchandise and early business operations were paid from Virginia's personal funds, except money generated from sales. On June 23, 1976, the parties

executed a partnership agreement, standard in form, prepared by an attorney, effective February 1, 1976, terminating in 2 years. The partnership never made a profit, and the shop was closed in January 1979 when the merchandise was moved to Omaha, Nebraska, where the parties were operating Nasr's Restaurant. Some of the Indian jewelry was displayed at Nasr's and the rest was stored in the trunk of a car owned by Virginia and possessed by Sam. There are no records of any purchases or sales in 1979. On January 7, 1980, Virginia forcibly obtained possession of all the merchandise, which she still has. This suit follows.

"An action for an accounting between partners is an equitable action and on appeal we review the matter de novo. . . .

. . . .

". . . Generally in an accounting action the burden is upon the plaintiff to establish his right to the accounting and his right to a credit on disputed items." *Barthuly v. Barthuly*, 192 Neb. 610, 611, 613, 223 N.W.2d 429, 430, 432 (1974); *Baum v. McBride*, 152 Neb. 152, 40 N.W.2d 649 (1950).

Noticeably absent from the evidence are partnership books, records, inventories, receipts, invoices, checks, and bank records, except copies of income tax forms 1065, for 1976, 1977, and 1978, showing losses totaling $49,692.

Plaintiff's only assignment of error is that the trial court failed to find that his business expertise was a contribution of capital to the partnership. His expertise is described as a vast amount of time, experience, and knowledge as a self-employed salesman.

The partnership agreement provides in part, "(5) The initial capital of the Partnership shall be One Hundred Thousand Dollars . . . and each partner agrees to contribute *cash or property* as follows:

|  | Amount | Percent |
|---|---|---|
| Virginia Bertrand | $50,000.00 | 50% |
| Sam Badran | 50,000.00 | 50% |

"(6) . . . The partners shall contribute in equal shares any additional capital that they may deem to be necessary . . . with such contributions coming from the net profits of the Partnership unless otherwise agreed.

. . . .

"(12) . . . The net profits of the business shall be divided between the partners equally and they shall in like proportion bear all losses . . . .

. . . .

"(14) . . . No partner shall receive any salary for services rendered to the partnership.

"(15) . . . If any partner shall, with the written consent of the other partners, advance any moneys . . . in excess of the capital . . . the moneys so advanced shall be considered as a loan to the partnership . . . .

. . . .

"(27) Termination: . . . The assets of the partnership shall first be used to pay . . . debts . . . . [T]he remaining assets shall be divided according to . . . their respective capital accounts . . . ." (Emphasis supplied.)

The record is clear that plaintiff contributed no money and that defendant knew that he could not do so; she expected him to contribute his money from future profits. Plaintiff contends that he contributed his business skills and expertise, which was "property." This claim being contrary to the agreement, and there being no competent evidence varying its terms, we look to the conduct of the parties. See *Bard v. Hanson*, 159 Neb. 563, 68 N.W.2d 134 (1955).

Sam had 35 years of experience as an itinerant, self-employed salesman dealing in bedspreads, rugs, and linens. He had no prior experience in Indian jewelry merchandising. His first purchases of jewelry were made through the assistance of his two brothers, who were dealers. An example of his claimed expertise was his ability to buy jewelry at one-third to one-fourth of its retail value, which

Virginia could not do. Virginia does not deny his skill as a merchant; rather, she denies that it was more than that. During the 1976-78 period, when the shop failed to make a profit, plaintiff requested of defendant and obtained money, a car, living quarters, and other family gratuities amounting to more than $80,000, a part being deemed salary by the trial court. His conduct is inconsistent with his claim.

As we view the record, plaintiff performed the services that the parties intended; those services were not unusual considering plaintiff's sales experience, skills, the attending circumstances, and bearing in mind the failure of the venture. We conclude that plaintiff made no contribution to his capital account as required and intended by the partnership agreement.

This leaves the question of the distribution of the remaining partnership assets and the settlement of the partners' rights. *Thorin v. Kurkowski*, 192 Neb. 701, 224 N.W.2d 173 (1974).

" 'It is a general rule that capital furnished by any partner, in the absence of agreement to the contrary, is a debt owing by the firm to the contributing partner, and necessarily is to be repaid him, if the firm assets are sufficient after paying the firm liabilities to outsiders.' . . .

. . . .

" '. . . [U]pon dissolution, where one has contributed capital and another services, the one contributing the capital is entitled to withdraw its value.' " *Baum v. McBride*, 152 Neb. 152, 154-55, 40 N.W.2d 649, 651-52 (1950); Neb. Rev. Stat. § 67-340 (Reissue 1981).

Plaintiff contends that he contributed bedspreads and rugs valued at $6,000. The record shows that defendant paid him $2,800 for these items.

There is little conflict in the following. From September 1975 to December 13, 1978, Virginia paid from personal funds for the purchase of partnership merchandise more than $65,000, and she also ad-

vanced more than $8,800 for equipment, supplies, rent, and utilities, for a total of $73,800. All such payments were made with Sam's knowledge and consent. The ending inventory shown on the 1978 income tax return was $65,600.

There is great conflict in the evidence concerning additional advancements made by Virginia to Sam amounting to more than $80,000. The trial court found a part of these advancements was salary and a partnership debt. Sam admits that during the 1977-78 period he received about $40,000 from Virginia; however, he claims that the money represented either gifts or payment of nonpartnership services. The $40,000 was paid in regular monthly payments, averaging about $1,500 at a time, when Sam had no other source of income and he told Virginia he needed the money for his family.

" 'On an appeal from a judgment in equity, when credible evidence on material questions of fact is in conflict, the Supreme Court will consider the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of the facts rather than the other.' " *Truman v. Martin*, 212 Neb. 52, 55, 321 N.W.2d 420, 423 (1982).

We conclude that the $40,000 was a partnership debt owing to the defendant for remuneration paid to plaintiff.

Defendant's contribution of the required $50,000 capital and other advancements of $63,800 make her total contribution $113,800. " 'In settling accounts between partners after dissolution, the following rules shall be observed, subject to any agreement to the contrary: * * * (b) The liabilities of the partnership shall rank in order of payment as follows: (I) Those owing to creditors other than partners, (II) Those owing to partners other than for capital and profits, (III) Those owing to partners in respect of capital . . . .' " *Conklin v. Randolph*, 204 Neb. 332, 340, 281 N.W.2d 913, 917 (1979); § 67-340.

There being no partnership debts and the last

known partnership record value of the assets being $65,600, the trial court properly assigned all remaining partnership assets to defendant.

AFFIRMED.