R.A.S., INC., A NEBRASKA CORPORATION, APPELLANT, V. MICHAEL M. CROWLEY AND JOYCE CROWLEY, APPELLEES.

351 N.W.2d 414

Filed July 6, 1984. No. 83-579.

Michael O. Johanns of Peterson, Bowman & Johanns, for appellant.

David A. Domina of Domina Law Firm, P.C., for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

WHITE, J.

Appellant, R.A.S., Inc., a Nebraska corporation, appeals an order of the district court for Madison County, Nebraska, which sustained the motion for summary judgment of the appellees, Michael and Joyce Crowley, and dismissed the appellant's petition. We affirm.

The appellant's petition alleged that on May 1, 1973, a lease was entered into between Edmund H. Prenger and Mary E. Prenger, husband and wife, as lessors, and Prengers, Inc., a corporation owned by the Prengers, as lessee. The property leased was a business building and lots in Norfolk, Nebraska, which were used as a restaurant and lounge. The

term of the lease was for the period of 10 years, expiring May 1, 1983.

Subsequently, Prengers, Inc., assigned its lessee's interest to the appellant. Edmund and Mary Prenger consented to the assignment, which took place in November 1978.

On January 8, 1982, Edmund H. Prenger, surviving spouse, conveyed the real estate, including the landlord's interest in the lease, to appellees.

The lease contained the following paragraph which formed the basis of the appellant's action in the district court:

At the expiration of this Second Supplemental Lease Extension Agreement on May 1, 1983, the second party shall have the privilege of an option for the further extension of this lease for an additional period of 10 years from and after May 1, 1983. Both parties agree that the rental terms and conditions for this lease shall be renegotiated as of May 1, 1983 for the 10 year term beginning on that date. The rental terms and conditions shall be negotiated upon a basis which is satisfactory and acceptable to both parties. Both parties agree to negotiate such terms consistant [sic] with conditions existing on May 1, 1983, to provide rental terms and conditions substantially the same as those now existing, with appropriate adjustments, however, satisfactory to both parties and covering the 10 year term beginning May 1, 1983.

In the petition appellant requested specific performance of the above-quoted option provision.

In their answer the Crowleys alleged that the option provisions "are not sufficient to create a contract between the parties thereto, and the alleged renewal option is therefore not binding upon the parties thereto or upon their successors in interest."

For its reply appellant essentially alleged that appellees were estopped from denying the validity of the option clause by reason of the following acts or

omissions to act of the Prengers and Crowleys:

(1) As part of the lease assignment, Prengers agreed to loan and did loan to appellant $25,000 for capital improvements to the leased premises.

(2) That the Prengers did not at any time during the lease period advise appellant that they considered the option void and unenforceable.

(3) That the Prengers intended that appellant rely on the conduct of the Prengers and that appellant did so rely and expended sums in excess of $100,000 for improvements and maintenance of the leased premises.

Essentially, the same allegations are directed against appellees Crowley, plus the additional allegation that Crowleys accepted the benefits of the lease (rent payments).

Appellees filed a motion for summary judgment pursuant to Neb. Rev. Stat. § 25-1330 (Reissue 1979), alleging that the pleadings, admissions, and affidavits offered in support of the motion show that there was no genuine issue of fact and that appellees were entitled to summary judgment.

The assignments of error are directed toward two areas:

(1) Was the court correct in its conclusion that the option provision consisted of a mere agreement to agree and was therefore void?

(2) Is there an issue of fact, respecting the conduct of the Prengers and Crowleys, sufficient, if believed, to give rise to an estoppel of Crowleys to assert the invalidity of the provision?

We will consider the assignments in order.

"A contract is a promise or a set of promises for the breach of which the law gives a remedy, or the performance of which the law in some way recognizes as a duty." Restatement (Second) of Contracts § 1 at 5 (1981).

Conspicuous by absence in the lease option is any agreement as to the rental price to be paid during the renewal period. The record shows the parties

were unable to agree on that amount. In *Alward v. United Mineral Products Co.*, 197 Neb. 658, 661, 250 N.W.2d 623, 625 (1977), this court observed:

> When an agreement stipulates that certain terms shall be settled later by the parties, such terms do not become binding unless and until they are settled by later agreement. 17 C.J.S., Contracts, § 49, pp. 702, 703. There can, therefore, be no express contract between the parties here.

The law does not compel a duty to perform that which one has not contractually agreed to do, either expressly or impliedly. As no binding contract existed, nor is one alleged to be implied in law, we conclude the trial court was correct in declaring the option provision unenforceable.

For a discussion of the subject see Annot., Validity and Enforceability of Provision for Renewal of Lease at Rental to be Fixed by Subsequent Agreement of Parties, 58 A.L.R.3d 500 (1974).

We shall now consider the second assignment of error. This court in *Kirby v. Holland*, 210 Neb. 711, 718-19, 316 N.W.2d 746, 751 (1982), restated the essential elements of equitable estoppel, quoting from *Pester v. American Family Mut. Ins. Co.*, 186 Neb. 793, 186 N.W.2d 711 (1971):

> " 'The essential elements of equitable estoppel are: As to party estopped, (1) conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts; as to the other party, (4) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (5) reliance, in

good faith, upon the conduct or statements of the party to be estopped; and (6) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice.' ''

In considering the evidence on a motion for summary judgment, both this court and the trial court must determine whether there is any genuine issue as to any material fact, the ultimate inferences to be drawn from those facts are clear, and whether the moving party is entitled to judgment as a matter of law. See *De Los Santos v. Great Western Sugar Co.,* *ante* p. 282, 348 N.W.2d at 842 (1984).

The following facts are not disputed. The option clause was well known to all parties to this action and their predecessors, each had equal knowledge of the provisions and an equal opportunity to determine the validity of the provision; the lease provision was arrived at between parties in pari materia—the Prengers and their wholly owned corporation—and with knowledge of its basic unenforceability; and neither appellees nor their grantors-assignors Prengers made any affirmative representation concerning the validity of the provision.

The appellant asserts, as the justification for the application of equitable estoppel, the payment of rent to the appellees and Prengers, the expenditure of funds for maintenance and improvement of the leased premises, and the repayment of a loan from Prengers secured at the time of the lease assignment, presumably also expended for leasehold improvement purposes. Although the appellant asserts that these activities were carried on in reliance on the option provision, it is not asserted, and it is not disputed in the record, that it did not do so on any representation as to the validity of the option. Obviously, at least as to (4) above, the appellant had equal means of obtaining knowledge as to the en-

forceability of the lease option, and, therefore, the doctrine of estoppel is not applicable.

AFFIRMED.